IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MANUEL PORTILLO, et al.**

    Plaintiffs, on behalf of themselves and others similarly situated,

    v.

**SECOND CHANCE, INC., et al.**

    Defendants.

Civil Action No.: 1:24-cv-02660-GLR

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AND OPPOSITION TO DEFENDANTS SECOND CHANCE, INC. AND MARK STEPHEN FOSTER'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

Plaintiffs Manuel Portillo and Francis Betancourth (collectively, "Plaintiffs"), through undersigned counsel, submit this Reply in support of their Motion to Strike, ECF 25 ("Plaintiffs' Motion"). The Opposition filed by Defendants Second Chance, Inc. and Mark Stephen Foster (for purposes of this Reply, "Defendants"), ECF 30, attempts to characterize Plaintiffs' Motion as moot, due to edits proposed by Defendants' Motion for Leave to File an Amended Answer to Plaintiffs' First Amended Complaint, ECF 29. Apparently, conceding the inappropriateness of much of Defendants' allegations in its original Answer, ECF No, 22, Defendants removed much of the objectionable language in its proposed Amended Answer, ECF No. 29-1. However, the proposed edits reiterate impertinent, immaterial, scandalous, and prejudicial matters that are barred by Fed. R. Civ. P. 12(f) and therefore has no place in Defendants' Answer. As such, Plaintiffs' Motion is not moot, and Defendants' attempt to amend its answer is futile and should be denied by the Court.

    I.    **Defendants' Proposed Edits**

Plaintiffs' Motion asks the Court to strike language from Paragraph 113 of Defendants' Answer to Plaintiffs' First Amended Complaint ("Answer"), ECF 22. This paragraph addresses

Count V, which is an individual FLSA claim brought by Plaintiff Portillo about his unpaid wages in August 2023. Specifically, Plaintiffs request the Court strike the following:

> Defendants further assert that it had no responsibility for paying Portillo and avers that if he was not paid by whomever he had an actual business relationship with, it was likely because of his reckless and unlawful conduct. Specifically, in August 2023, Portillo in concert with another deconstruction worker, conspired and stole a motorcycle from one of Second Chance's donors/customers while performing work on behalf of 300. Specifically, upon information and belief, Portillo and the other worker, after having left the donor's property for the day, returned to the property late at night, disconnected the property's electrical security gate, trespassed onto the property, and stole a motorcycle from the property while the donor slept – not knowing all the while that they were being burglarized. Upon information and belief, there is an active criminal investigation pending in Orange County, Virginia concerning Portillo's actions. As a result of Portillo's actions, Defendants experienced significant reputational harm, jeopardizing their relationships with existing donors and customers, as well as potential donors and referral sources within the community. Defendants also had reason to believe that Portillo was acting in concert with one or more individuals to pilfer salvaged materials from Second Chance's deconstruction projects in furtherance of a scheme to sell those materials on Facebook Marketplace. Thus if Portillo complains of loss of compensation during this time period, it likely bore some relation to his unlawful conduct, though Defendants deny that they had any responsibility for, or involvement in, Portillo's pay.

ECF 25. Plaintiffs' Motion also asks the Court to strike the following language from Paragraph 12 of the Answer's Affirmative Defenses:

> Moreover, Portillo's engagement in theft of Second Chance's and its customers' property renders any claims he makes for "non-payment" in August 2023-when he engaged in such actions-dissimilar from the claims of Betancourth and any other putative class/collective member.

*Id*. In their proposed Amended Answer, Defendants delete the majority of the objectionable language from Paragraph 113, but they move much of it to Paragraph 12 of the Affirmative Defenses, as follows:

> Moreover, Portillo's claims for "non-payment" in August 2023 are dissimilar from the claims of Betancourth and any other putative class/collective member. Specifically, Second Chance has reason to believe

2

> that Portillo, in concert with another deconstruction worker, conspired and stole a motorcycle from one of Second Chance's donors/customers while performing work on behalf of 300. Upon information and belief, there is an active criminal investigation pending in Orange County, Virginia, concerning Portillos' actions.

ECF 29-1, at 37. Defendants go on to argue that these "facts and circumstances pertaining to Portillo" disqualify him as a class and collective representative in this case. *Id*.

## II. The Court Should Grant Plaintiffs' Motion to Strike Because Defendants' Proposed Amendments Violate Rule 12(f) and Therefore Do Not Moot Plaintiffs' Motion.

Defendants contend that their proposed Amended Answer render Plaintiffs' Motion moot. ECF 30 at 1. In fact, the proposed amendments reiterate impertinent, immaterial, and scandalous matter that is barred by Fed. R. Civ. P. 12(f). Because the proposed amendments do not cure the Rule 12 violations, the Court should grant Plaintiffs' Motion and strike all allegations of criminal conduct from Defendants' Answer.

### a. The Proposed Amended Answer Contains Material that Is Immaterial and Impertinent to Plaintiffs' Class and Collective Action Claims.

Plaintiffs' First Amended Collective and Class Action Complaint ("Amended Complaint") pleads seven distinct counts. ECF 18. Count I is the Plaintiffs' individual and collective action for overtime wages due to them and all similarly situated workers under the FLSA. Counts II through IV are the Plaintiffs' individual and class claims under Maryland employment laws, relating to Defendants' failure, with respect to Plaintiffs and all similarly situated workers, to pay overtime wages and properly classify their workers as employees. Counts V through VII are Plaintiff Portillo's *individual* claims, seeking the wages that Defendants withheld from him in August 2023, plus appropriate damages. Plaintiffs do not seek class or collective certification on Counts V through VII.

3

Defendants' proposed Amended Answer moves their unfounded allegations of criminal conduct from Paragraph 113 of the Answer, which was a response to Plaintiff Portillo's individual FLSA claim, to Paragraph 12 of their Affirmative Defenses. Their proposed edit to this Affirmative Defense propounds that Plaintiff Portillo is not an appropriate class or collective representative because "Portillo's claims for 'non-payment' in August 2023 are dissimilar from the claims of Betancourth and any other putative class/collective member." ECF 29-1 at 17. However, Plaintiffs do not seek class or collective certification on any of the Counts that relate to Portillo's August 2023 non-payment claim. Fed. R. Civ. P. 23(c)(4) allows plaintiffs to pursue litigation that seeks class certification on some claims and not on others. Plaintiffs' Amended Complaint seeks collective certification only on Count I and class certification only on Counts II, III, and IV. While Fed. R. Civ. P. 23(b)(3) requires the common questions of law or fact to predominate over any questions affecting only individual members, this Court has endorsed the "broad view" that "common questions need predominate over individual ones only for the specific issues that are certified, not for the entire cause of action." *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 168 (D. Md. 2022), *vacated and remanded sub nom. In re Marriott Int'l, Inc.*, 78 F.4th 677 (4th Cir. 2023), *and reinstated by In re Marriott Int'l Customer Data Sec. Breach Litig.*, 345 F.R.D. 137 (D. Md. 2023). Plaintiffs pleaded Portillo's August 2023 non-payment claims as individual claims. Therefore, it is nonsensical for Defendants to argue that Plaintiff Portillo is not similarly situated to a class or collective with respect to that individual claim. It is even more inappropriate to do so merely as an excuse to reinsert impertinent language that has no place in their proposed Amended Answer.

Even if Plaintiffs had sought collective or class certification on the August 2023 non-payment of wages claims, Defendants' reference to the alleged motorcycle theft would still be

impertinent and irrelevant to such claims. As detailed in Plaintiffs' Motion, neither the FLSA nor its Maryland state analogs "designate the federal courts to settle disputes against the employee's wages." *Yassa v. EM Consulting Grp., Inc.*, 261 F. Supp. 3d 564, 566 (D. Md. 2017) *citing Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988). Defendants' Opposition does not address this point other than to cite *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sav., F.S.B.*, 28 F.3d 376, 394 (3d Cir. 1994), *as amended* (Aug. 29, 1994) for the proposition that a counterclaim is different from an affirmative defense. ECF 30 at 5, FN1. Defendants do not, however, explain how this alleged crime is relevant to any permissible claim or defense in a lawsuit for unpaid wages. The Fourth Circuit is clear that "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

      **b. The Proposed Amended Answer Contains Material that Is Scandalous and Prejudicial.**

Defendants' proposed Amended Answer does not resolve Plaintiffs' concerns that Defendants malign Plaintiff Portillo's character by publicly accusing him of a serious crime. "Scandalous" allegations are "those that improperly cast a derogatory light on someone." *Tradepoint Atl., LLC v. Env't Liab. Transfer, Inc.*, No. CV GLR-21-1238, 2022 WL 4564633, at *5 (D. Md. Sept. 29, 2022) (internal quotation marks and citation omitted). In their proposed Amended Answer, Defendants insist on alleging that Plaintiff Portillo "in concert with another deconstruction worker, conspired and stole a motorcycle from one of Second Chance's donors/customers while performing work on behalf of 300;" clearly accusing him of a crime. ECF 29-1 at 17. Plaintiff Portillo was never convicted or even charged with this crime that

5

Defendants allege occurred over a year and a half ago. For the reasons detailed in Plaintiffs' Motion, this bald accusation has no place in this case, especially when Defendants cannot find a legally relevant way to tie the accusation to the actual facts and relevant defenses of the FLSA or Maryland wage and hour laws.

### III.    The Court Should Deny Defendants' Motion for Leave to File an Amended Answer.

Local Rule 103.6(d) requires counsel to seek consent of opposing counsel prior to filing a motion requesting leave to file an amended pleading and to document that attempt in their motion. Defendants here did neither.

Plaintiffs' opposition to Defendants' motion for leave is not merely procedural. Defendants' proposed Amended Answer fails to clear the low bar set by the Fourth Circuit for amended pleadings. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.") (citations omitted). Defendants' proposed edits are futile, in that they simply abbreviate and move scandalous, irrelevant language from one section of the Answer to another. The proposed amendments do not cure Defendants' violation of Fed. R. Civ. P. 12(f). However, the Court can efficiently address those violations by 1) striking Paragraph 113 of the Defenses and Paragraph 12 of the Affirmative Defenses from Defendants' Answer as requested in Plaintiffs' Motion, and 2) denying Defendants' Motion for Leave to File an Amended Answer.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Strike and deny Defendants' Motion for Leave to File an Amended Answer. A revised proposed order is attached.

Dated: February 18, 2025                     Respectfully submitted,

    /s/
Amy Gellatly (Fed Bar No. 31177)
Sam Williamson (Fed Bar No. 20990)
The Public Justice Center
201 North Charles Street, Suite 1200
Baltimore, MD 21201
Tel: (410) 625-9409
Fax: (410) 625-9423
gellatlya@publicjustice.org
williamsons@publicjustice.org

    /s/
Sally Abrahamson (Fed Bar No. 20425)
Anne Kramer (*pro hac vice*)
Werman Salas P.C.
705 8th Street SE, #100
Washington DC 20003
Tel: (312) 419-1008
Fax: (312) 419-1025
sabrahamson@flsalaw.com
akramer@flsalaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, I electronically filed with the Court the foregoing and attached documents and caused a copy to be sent via first-class mail, postage prepaid, to:

JOSE JAVIER RIVAS MENDEZ
3 Observation Court #303
Germantown, MD 20876

300 PAINTING & REMODELING LLC
c/o Jose Javier Rivas Mendez
Corporate Charter Division
700 East Pratt St., Second Floor
Baltimore, MD 21202

    /s/
Amy Gellatly