UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 10, 2025

MEMORANDUM TO COUNSEL RE:    Portillo et al. v. Second Chance, Inc. et al.
                                                            Civil Action No. GLR-24-2660

Dear Counsel:

Pending before the Court is Manuel Portillo and Francis Betancourth (collectively, "Plaintiffs") Motion to Strike Answer to Amended Complaint, (ECF No. 25), and Defendants Second Chance, Inc. ("Second Chance") and Mark Stephen Foster's Motion for Leave to File an Amended Answer to Plaintiffs' First Amended Complaint, (ECF No. 29). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will deny Plaintiffs' Motion to Strike and grant Second Chance and Foster's Motion to Amend.

**Background**[1]

Plaintiffs bring this suit for unpaid overtime wages against Defendants Second Chance, Mark Stephen Foster, 300 Painting and Remodeling LLC, and Jose Javier Rivas Mendez. (Am. Compl. ¶¶ 1–3, ECF No. 18). Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 et seq.; the Maryland Wage Payment and Collection Law ("MWPCL"), id. §§ 3-501 et seq.; and the Maryland Workplace Fraud Act ("MWFA"), id. §§ 3-901 et seq. on behalf of themselves and similarly situated employees. (Am Compl. at 17–22).[2]

Plaintiffs filed an initial Complaint in this Court on September 16, 2024, (ECF No. 1). Defendants Second Chance and Foster filed an Answer to Plaintiffs' Complaint and a Partial Motion to Dismiss. (ECF Nos. 10, 12). Plaintiffs filed a First Amended Collective and Class Action Complaint (the "Amended Complaint") on December 17, 2024. (ECF No. 18). Second Chance and Foster filed an Answer (the "Answer") on December 31, 2024, and the Court denied the Partial Motion to Dismiss as moot. (ECF Nos. 21, 22). Plaintiffs filed a Motion to Strike the Answer ("Mot. Strike") on January 21, 2025. (ECF No. 25). Second Chance and Foster responded by opposing the Motion to Strike and filing a Motion for Leave to File an Amended Answer ("Mot. Amend") on February 4, 2025. (ECF Nos. 29, 30). Plaintiffs filed a Reply in support of their Motion to Strike and an Opposition to the Motion to Amend on February 18, 2025. (ECF No. 31).

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

To date, Second Chance and Foster have not filed a Reply in support of their Motion to Amend. Also to date, the other defendants, 300 Painting and Remodeling LLC, and Jose Javier Rivas Mendez, have not filed an answer or responsive pleading.

**Motion to Amend**

Second Chance and Foster ask this Court for leave to amend their Answer to Plaintiffs' First Amended Complaint. (ECF No. 29). Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). When the opposing party does not consent, "[t]he court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). Whether to grant leave to amend lies within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Courts in the Fourth Circuit should "liberally allow amendment." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (emphasis added).

In light of this liberal standard, it is appropriate for the Court to grant Second Chance and Foster leave to amend their Answer. Second Chance and Foster move in good faith to cure the issues raised by Plaintiffs in their Motion to Strike. They significantly cut out the language Plaintiffs objected to in their Motion to Strike. (See Mem. Supp. Mot. Strike ["Mot. Strike"] at 1–2, ECF No. 25-1). The amendment is neither prejudicial nor futile. This matter is still in its infancy, so there is no delay that would prejudice Plaintiffs. Rather, Second Chance and Foster seek to reduce prejudice to Plaintiffs by eliminating much of the language Plaintiffs deemed "immaterial, impertinent, or scandalous." (Mot. Strike at 1–2). Accordingly, the Court will grant Second Chance and Foster's Motion for Leave to File an Amended Answer to Plaintiffs' First Amended Complaint. (ECF No. 29).

**Motion to Strike**

In their initial Motion to Strike, Plaintiffs seek to have this Court strike Sentences 2 through 8 of Paragraph 113 and part of Affirmative Defense Paragraph 12 from the Answer. (Mot. Strike at 2, ECF No. 25). While Second Chance and Foster argue that granting their Motion to Amend moots Plaintiffs' Motion to Strike (Defs.' Opp'n Mot. Strike at 3, ECF No. 30), Plaintiffs disagree and still seek to strike language from the amended Affirmative Defense Paragraph 12, (Pls.' Reply Supp. Mot Strike and Opp'n Mot. Amend ["Reply Supp. Mot. Strike"] at 3–7, ECF No. 31). The Court finds that the Motion to Strike is not moot. However, the Court will deny the Motion to Strike.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most

favorable to the pleader.'" Piontek v. Serv. Ctrs. Corp., PJM 10–1202, 2010 WL 4449419, at *3 (D.Md. Nov. 5, 2010) (citation omitted). "In determining whether to grant a motion to strike, the court 'enjoys wide discretion.'" Al-Sabah v. Agbodjogbe, No. ELH-17-730, 2017 WL 4467495, at *3 (D.Md. Oct. 5, 2017) (quoting Haley Paint Co. v. E.I. du Pont de Nemours & Co., 279 F.R.D. 331, 336 (D.Md. 2012)).

While "Rule 12(f) motions are disfavored and 'generally will be not be granted [for immateriality] unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party,'" they may "be granted when the movant meets its burden of proving that the challenged material is immaterial and prejudicial." Fitchett v. Spartech, LLC, 634 F.Supp.3d 241, 243 (D.Md. 2022) (alteration in Fitchett) (first quoting Gilman & Bedigian, LLC v. Sackett, 337 F.R.D. 113, 117 (D.Md. 2020), then citing Chapman v. Duke Energy Carolinas, LLC, Civ. No. 3:09-37RJC, 2009 WL 1652463, at *3 (W.D.N.C. June 11, 2009)).

The only language Plaintiffs object to in the Amended Answer is Affirmative Defense Paragraph 12 which states:

> Moreover, Portillo's claims for "non-payment" in August 2023 are dissimilar from the claims of Betancourth and any other putative class/collective member. Specifically, Second Chance has reason to believe that Portillo, in concert with another deconstruction worker, conspired and stole a motorcycle from one of Second Chance's donors/customers while performing work on behalf of 300. Upon information and belief, there is an active criminal investigation pending in Orange County, Virginia, concerning Portillos' actions.

(Reply Supp. Mot. Strike at 2–3). Plaintiffs argue that the portions of the Answer at issue accuse Plaintiff Portillo of criminal activity and have no relevance to the instant litigation and as such should be stricken as "impertinent, immaterial, and scandalous." (Id. at 3). According to Plaintiffs, because they do not seek to certify a class or collective on the August 2023 non-payment of wage claims, the information about Portillo's alleged criminal activity is both immaterial and prejudicial. (Id. at 3–6).

The Court finds that Plaintiffs do not clear Rule 12(f)'s high bar and will not strike the language at issue. First, it is not evident to the Court from the face of the Amended Complaint that Plaintiffs do not seek to certify a class or collective on the August 2023 non-payment of wage claims. Those non-payment of wage claims are "repeat[ed] and incorporate[d] by reference" in both the collective and class action allegations. (Am. Compl. ¶¶ 57, 73, 81). As such, the Court cannot say that the statements at issue are impertinent or immaterial. Rule 12(f) motions "will be denied unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" U.S. ex rel. Ackley v. Int'l Bus. Machs. Corp., 110 F.Supp.2d 395, 406 (D.Md. 2000) (quoting Steuart Inv. Co. v. Bauer Dredging Constr. Co., 323 F.Supp. 907, 909

(D.Md. 1971)); see also 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2019). It cannot be said that there is no possibility the alleged criminal activity by Portillo will be relevant to class certification at a later date.

Additionally, Plaintiffs "will have the opportunity to challenge the admissibility of evidence related to these allegations in due course, which alleviates the alleged danger of prejudice." TM, LLC v. Anderson, No. 2:11-CV-00071-FL, 2012 WL 4483180, at *11 (E.D.N.C. Sept. 27, 2012). In accordance with the Fourth Circuit's view that Rule 12(f) motions are "generally viewed with disfavor" and a "drastic remedy," the Court will deny the Motion to Strike. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

**Conclusion**

For the foregoing reasons, Second Chance and Foster's Motion to Amend (ECF No. 29) is GRANTED. Plaintiffs' Motion to Strike (ECF No. 25) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Entered this 10th day of March, 2025.

        Very truly yours,

        /s/
        George L. Russell, III
        Chief United States District Judge