IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MANUEL PORTILLO *et al.*,**<br><br>*Plaintiffs*<br><br>v.<br><br>**SECOND CHANCE, INC.,** *et al*.<br><br>*Defendants*. | **Case No.  1:24-CV-02660-GLR** |

**JOINT STATUS REPORT AND REQUEST FOR
MODIFICATION OF SCHEDULING ORDER**

Plaintiffs, Manuel Portillo and Francis Betancourth, (collectively "Plaintiffs") and Defendants Second Chance, Inc, Mark Stephen Foster, 300 Painting & Remodeling, LLC, and Jose Rivas Mendez (collectively "Defendants") (Plaintiffs and Defendants hereinafter collectively the "Parties") by their respective undersigned counsel and pursuant to this Court's March 27, 2025 Scheduling Order (ECF No. 43) and Marginal Order dated April 11, 2025 (ECF No. 46), respectfully submit this Joint Status Report and Request for Modification of the Scheduling Order and in support thereof state as follows:

1. **Consent to Proceed Before a United States Magistrate Judge**

The Parties do not consent to proceed before a Magistrate Judge at this time.

2. **Mediation with a United States Magistrate Judge**

The Parties request referral to a United States Magistrate Judge for a settlement conference. The Parties desire to engage in collective notice under 29 U.S.C. § 216(b) and early limited discovery and then have the matter mediated once the Parties have this information.  The Parties

request the settlement conference be set for a date 120-150 days from the Court's forthcoming Scheduling Order.

### 3. Request to Modify Scheduling Order

Given that Plaintiffs have filed a putative collective action under the Fair Labor Standards Act and class claims under the state law wage statutes, this matter will involve a number of preliminary issues and a non-standard Scheduling Order. Therefore, the Parties request to modify the Scheduling Order to allow this case to proceed in phases. The first phase ("Phase One") will encompass conditional certification and early ADR before the Court.

The Parties are attempting to explore whether they can mutually resolve issues relating to conditional certification by stipulation in order to avoid full briefing on this issue. The Parties shall come to a decision on this matter by no later than April 23, 2025. If the Parties are able to stipulate and resolve issues regarding conditional certification, they will file a Joint Stipulation and Motion For Notice pursuant to 29 U.S.C. § 216(b) on April 23, 2025. If the Parties can stipulate to most, but not all, issues concerning conditional certification, the Parties may stipulate to as many issues as the Parties can resolve and request the Court's assistance in resolving minor outstanding disputes between the parties concerning conditional certification. If the Parties are unable to stipulate and resolve issues regarding conditional certification, Phase One will proceed in accordance with the following schedule:

| | |
|---|---|
| Deadline for Plaintiffs to File Motion for Conditional Certification | June 1, 2025 |
| Deadline for Defendants' Opposition to Motion for Conditional Certification | June 30, 2025 |
| Deadline for Plaintiffs' Reply to Opposition to Motion for Conditional Certification | July 30, 2025 |

| | |
|---|---|
| Deadline for Defendants to Provide Plaintiffs Addresses and Contact Information of Putative Collective Members | 15 Days After Court Grants Conditional Certification and Approves Notice Contents |
| Deadline for Plaintiffs to Issue Notice to Putative Collective Members | 30 Days After Court Grants Conditional Certification and Approves Notice Contents |
| Collective Notice Period Expires | 60 Days After Notice Issued to Putative Class Members |
| Joinder of Additional Parties and Amendment of Pleadings | 91 Days After Court Grants Conditional Certification and Approves Notice Contents |
| Deadline to Exchange Limited Document Production Necessary for Settlement Conference | 30 Days After Collective Notice Period Expires |

The second phase, ("Phase Two") shall only be necessary if the Parties fail to resolve this matter the settlement conference during Phase One. In such case, the Parties will file a second Status Report ("Second Status Report") within 30 days of such failed mediation, outlining their proposed schedule for the remainder of this case.

### 4. Scope of Discovery / Deposition Hours

The Parties cannot yet ascertain the scope of discovery and will not know for certain how many deposition hours will be needed until after the conclusion of Phase One. At such point, the Parties will have a full understanding as to how many litigants will participate in the collective action portion of this litigation, and will so advise the Court in their Second Status Report.

5. **Electronically Stored Information**

The Parties do not currently anticipate that the discovery of electronically stored information will be problematic. However, the Parties anticipate filing a stipulation concerning the production of electronically stored information.

6. **Expert Discovery**

The Parties would like to defer expert discovery until after dispositive motions are resolved.

7. **Trial**

The Parties cannot yet ascertain the scope and/or length of trial until after the conclusion of Phase One. At such point, the Parties will have a better understanding as to how many litigants will participate in the collective action portion of this litigation and will so advise the Court in their Second Status Report.

Dated: April 21, 2025                                   Respectfully submitted,

*/s/* Sally Abrahamson                                   */s/* Suzzanne W. Decker
Sally Abrahamson (Fed. Bar No. 20425)    (signed by Sally Abrahamson with permission
Anne Kramer (*pro hac vice*)                          of Suzzanne W. Decker)
**WERMAN SALAS P.C.**                                 Suzzanne W. Decker (Fed. Bar No. 24007)
705 8th Street SE, #100                                     Tyler M. Duckett-Oliver (Fed. Bar No. 23196)
Washington, D.C. 20003                                  **MILES & STOCKBRIDGE P.C.**
Tel: (312) 419-1008                                             100 Light Street
Fax: (312) 419-1025                                            7th Floor
sabrahamson@flsalaw.com                             Baltimore, MD 21202
akramer@flsalaw.com                                     Tel: (410) 727-6464
                                                                            Fax: (410) 385-3700
*/s/* Amy Gellatly                                              sdecker@milesstockbridge.com
(signed by Sally Abrahamson with permission   tduckett@milesstockbridge.com
of Amy Gellatly)
Amy Gellatly (Fed. Bar No. 31177)              *Counsel for Defendants Second Chance, Inc.*
Sam Williamson (Fed. Bar No. 20990)         *and Mark Stephen Foster*

4

**THE PUBLIC JUSTICE CENTER**
201 North Charles Street, Suite 1200
Baltimore, MD 21201
Tel: (410) 625-9409
Fax: (410) 625-9423
gellatlya@publicjustice.org
williamsons@publicjustice.org

*Counsel for Plaintiffs*

/s/ Derek P. Roussillon
(signed by Sally Abrahamson with permission of Derek P. Roussillon)
Derek P. Roussillon (Fed. Bar No. 27861)
Matthew K. Graham (Fed. Bar No. 30933)
**MCNEES WALLACE & NURICK LLC**
8490 Progress Drive, Suite 225
Frederick, Maryland 21701
Tel: (301) 241-2015
droussillon@mcneeslaw.com
mgraham@mcneeslaw.com

*Counsel for Defendants,*
*300 Painting & Remodeling LLC and*
*Jose Javier Rivas Mendez*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of April 2025, the foregoing was filed and served electronically via this Court's CM/ECF system to counsel of record.

*/s/* Sally Abrahamson
Sally Abrahamson
