IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MANUEL PORTILLO, et al.**<br><br>Plaintiffs, on behalf of themselves and others similarly situated<br><br>v.<br><br>**SECOND CHANCE, INC., et al.**<br><br>Defendants. | **Civil Action No.: 1:24-cv-02660-GLR** |

### ORDER

Having considered Defendants' Brief on Proposed Notice Contents (ECF No. 56) and Plaintiffs' Memorandum Regarding Language Concerning the Effect of Immigration Status on FLSA Claims (ECF No. 57), it is this 29th day of May, 2025 hereby:

**ORDERED**, that the FLSA Notice to potential Collective Members include a statement that: "Your immigration status is not a barrier to your joining this lawsuit." The FLSA Notice shall NOT contain Plaintiffs' proposed language. Attached as Exhibit A to this Order is a final version of the Notice.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　George L. Russell, III
　　　　　　　　　　　　　　　　　　　Chief United States District Judge

# EXHIBIT A

# **COURT AUTHORIZED NOTICE**

**If you worked for 300 Painting & Remodeling LLC and/or Jose Javier Rivas Mendez, and did deconstruction work for Second Chance, Inc. and believe that you worked overtime but were not paid appropriately between [three years before date of Court order approving stipulation] and the present, please read this notice.**

**A collective action lawsuit may affect your legal rights.**

*This notice has been authorized by the United States District Court for the District of Maryland.*

- Former deconstruction workers (the "Plaintiffs") brought a lawsuit against Second Chance, Inc., Mark Stephen Foster, 300 Painting & Remodeling LLC, and Jose Javier Rivas Mendez (the "Defendants"), alleging that Defendants misclassified them as independent contractors and failed to pay them and other workers overtime wages for all hours worked over 40 hours in a workweek, as required by the Fair Labor Standards Act ("FLSA").

- The lawsuit is moving forward as a collective action on behalf of everyone who worked as a deconstruction worker for the Defendants between XX and the present and who were paid on an hourly basis.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **SUBMIT A CONSENT FORM ("OPT-IN")** | By signing and sending in the "Consent to Join" form included with this notice, you will "opt in" and become an opt-in Plaintiff in the collective action lawsuit. If you choose to join, you may be able to share of the money that might from a trial or a settlement in this lawsuit. If you join this lawsuit, you give up any rights to sue Defendants separately about the same legal claims in this lawsuit. You also agree that Plaintiffs' counsel can act as your representative in this lawsuit and may make decisions about your claims, including any settlement decisions. Please read this entire notice for more details.<br><br>**If you wish to be included, you must complete and submit the Consent to Join form at the end of this Notice on or before [insert date that is 60 days from mailing of notice].** |
| **DO NOTHING** | By doing nothing, you will not join the lawsuit. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if the Plaintiffs are successful. You keep any rights to sue Defendants separately about the same legal claims in this |

2

|  | lawsuit, but the limitations period on your federal claim will continue to run. |
|---|---|

### 1. Why did I get this notice?

You are getting this notice because Defendants' records show that you worked for 300 Painting & Remodeling LLC and/or Jose Javiar Rivas Mendez and performed deconstruction work for Second Chance, Inc. between [three years prior to date Court enters the stipulation] and the present.

### 2. What is this lawsuit about?

The lawsuit alleges that deconstruction workers should have received overtime pay under the FLSA for the hours they worked over 40 in a workweek because Defendants improperly classified them as "independent contractors" rather than "employees" who are not entitled to the FLSA's overtime protections. Defendants deny these allegations and claim that deconstruction workers are properly classified as independent contractors and were properly paid. The Court has not yet decided who is correct.

The Honorable George L. Russell, III, Chief United States District Judge in the District of Maryland is the judge overseeing the lawsuit. The lawsuit is known as *Portillo et al. v. Second Chance, Inc. et al.*, No. 1:24-cv-02660-GLR.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more people may bring a lawsuit on behalf of themselves and others who are similarly situated to them. If you complete the attached Consent to Join form and join the case, you will become part of the "Collective." One court resolves the issues for all Collective Members.

### 4. Has the Court decided who is right?

The Court has not decided which side is right. Although the Court is allowing this notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 5. What are the Plaintiffs asking for?

The Plaintiffs are asking to recover unpaid overtime and an additional amount of money as liquidated damages, plus attorneys' fees and costs, for themselves and others who join the case.

### 6. How do I ask the Court to include me in the case?

If you want to join the case, you should fill out and return the form that is attached. The form is called "Consent to Join." You should submit the form by no later than [insert date that is 60 days from mailing of notice]. An addressed and postage-paid envelope is enclosed for your

convenience. If the enclosed envelope is lost or misplaced, you must send the Consent to Join Form to:

**Attn: Second Chance Overtime Case**
**[Insert Address and Contact Information]**

[For the version sent electronically] **If you want to join this lawsuit, it is extremely important that you read and sign the "Consent to Join" form. You can sign the form through the DocuSign link HERE Or you can submit the form in another way. The form must be signed through DocuSign, postmarked by, or received by email, on or before [60 days from date of mailing].**

**If your signed Consent to Join Form is not received by [insert DATE], you may not participate in this lawsuit, you may not share in a monetary recovery, and you may not be bound by any settlement or judgment in this case.**

**7. What happens if I do nothing at all?**

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement regarding the FLSA claims in this case, whether favorable or unfavorable. You will not be able to share in any money recovered by the Plaintiffs with respect to the FLSA claims as part of this lawsuit. You also will be free to independently hire your own attorney and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that your FLSA claims are limited by a two- or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring. If you proceed separately, you may also have to pay your own lawyer.

**8. What happens if I join the lawsuit?**

If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment relating to the FLSA claims, whether favorable or unfavorable. You will also share in any money that comes from a settlement or judgment favorable to the Collective. By joining this lawsuit, you agree that the Plaintiffs can represent you to the fullest extent possible. You agree that the Plaintiffs can make decisions on your behalf about the case, the method and manner of conducting the case, the payment of attorneys' fees, service awards and court costs, the approval of any settlement, and all other issues related to this lawsuit. The Plaintiffs' decisions and agreements made and entered into will be binding on you if you join the lawsuit.

While this lawsuit is ongoing on, you may be asked to provide documents or information about your work for Defendants, or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter.

Your immigration status is not a barrier to your joining this lawsuit.

### 9. Can Defendants and/or my current employer retaliate against me if I join the lawsuit?

No. It is a violation of federal law for Defendants or any employer to fire, discipline, or in any way discriminate or retaliate against you for taking part in this case. If you believe that you have been punished, discriminated against, or disciplined in any way because you received this notification, you considered whether to join this lawsuit, or you joined this lawsuit, please contact the Plaintiffs' lawyers listed below in Paragraph 12.

### 10. Do I have a lawyer in this case?

If you choose to join the lawsuit, you will be represented by the attorneys who represent Plaintiffs. Plaintiff's lawyers are the Public Justice Center and Werman Salas P.C. More information about Plaintiffs' lawyers is available at: https://www.publicjustice.org/ and https://www.flsalaw.com/, and their contact information is listed in Paragraph 12.

You do not need to hire your own lawyer because the Plaintiffs' lawyers will be working your behalf. You may hire your own lawyer at your own expense.

### 11. How will the Plaintiffs' lawyers be paid?

You do not have to pay any attorneys' fees or costs out of your own pocket. The Plaintiffs entered into a contingency fee agreement with counsel, which means that if the Plaintiffs do not win, you will not owe any attorneys' fees or costs. Under the fee agreement, if the lawsuit succeeds in getting money, Plaintiffs' counsel will ask the Court for part of any money from a settlement or money judgment entered in favor of the Plaintiffs and the Collective, in an amount the greater of: (1) the lawyers' and professional staff time spent on the lawsuit based on reasonable hourly and market rates; or (2) one-third of the gross settlement or judgment amount. Attorneys' fees may be part of a settlement or money judgment entered in favor of Plaintiffs, or the Court may order the Defendants to pay the fees separately, or the fees may be a combination of the two. Plaintiffs' counsel will also ask the Court for the costs they spent in the litigation.

### 12. Questions?

If you have any questions, please write, email or call Plaintiffs' lawyers:

| | |
|---|---|
| Amy Gellatly | Sally J. Abrahamson |
| Sam Williamson | Anne Kramer |
| The Public Justice Center | WERMAN SALAS P.C. |
| 201 North Charles Street, Suite 1200 | 705 8th Street SE #100 |
| Baltimore, MD 21201 | Washington, D.C. 20003 |
| (401) 625-9409 | (312) 419-1008 |
| gellatlya@publicjustice.org | sabrahamson@flsalaw.com |
| williamsons@publicjustice.org | akramer@flsalaw.com |

5